**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZONGZONG (NICOLE) TAO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-1463 |
| | ) | |
| v. | ) | Removed from the Circuit Court |
| | ) | of Cook County, Case No. |
| SIMPLEX INVESTMENTS, LLC, *et al.* | ) | 2022L002109 |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT</u>**

Defendants Simplex Investments, LLC ("Simplex"), Erik Swanson ("Swanson") and Matt Zimmerman ("Zimmerman") (collectively, the "Defendants"), by counsel, answer Plaintiff Zongzong (Nicole) Tao's ("Plaintiff") Complaint as follows:

**<u>PREFATORY STATEMENT</u>**

1.      Ms. Tao brings this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, 42 U.S.C. §1981, and the Illinois Human Rights Act, 775 ILCS 5/2 *et seq.*, for employment discrimination based on gender and race/national origin.

**ANSWER:    Defendants admit that Plaintiff alleges Title VII, Section 1981, and Illinois Human Rights Act violations based on alleged gender and race/national origin discrimination, but deny engaging in any unlawful conduct, deny that Plaintiff is entitled to any relief, and deny the remaining allegations in Paragraph 1.**

1

## PARTIES

1.      Plaintiff Zongzong (Nicole) Tao is a resident of Cook County, Illinois and was an employee of Defendant Simplex at all times relevant to the allegations set forth in this Complaint.

**ANSWER:    Defendants admit that Plaintiff was a Simplex employee at all times relevant to the Complaint.  On information and belief, Defendants admit that Plaintiff is a Cook County resident.**

2.      Defendant Simplex Investments, LLC, is an Illinois limited liability company operating a proprietary trading firm with its principal place of business in Cook County, Illinois.

**ANSWER:    Defendants admit the allegations in Paragraph 2.**

3.      Defendant Erik Swanson is Simplex's Chief Executive Officer and, upon information and belief, a resident of Cook County, Illinois.

**ANSWER:    Defendants admit the allegations in Paragraph 3.**

4.      Defendant Matt Zimmerman is Simplex's Head of Trading and, upon information and belief, a resident of Cook County, Illinois.

**ANSWER:    Defendants admit the allegations in Paragraph 4.**

## JURISDICTION AND VENUE

5.      Jurisdiction over Defendant Simplex is proper under 735 ILCS 5/2-209 because Simplex is a limited liability company organized under the laws of this State, has transacted business within this State, and/or resides or is domiciled within this State.

**ANSWER:    Defendants do not contest jurisdiction, although Defendants have exercised their right to remove this case to federal court.**

6.      Jurisdiction over Defendants Swanson and Zimmerman is proper under 735 ILCS 5/2-209 because each reside or are domiciled within this State, have transacted business within this State, and/or have engaged in unlawful conduct within this State.

**ANSWER:    Defendants do not contest jurisdiction, although Defendants have exercised their right to remove this case to federal court.**

7.      Venue is proper in Cook County under 735 ILCS 5/2-101 because the transactions out of which these events arose occurred in Cook County, Illinois.

**ANSWER:    Defendants do not contest venue, although Defendants have exercised their right to remove this case to federal court.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Ms. Tao timely filed a complaint of discrimination with the Illinois Department of Human Rights on April 13, 2021.

**ANSWER:    Defendants admit the allegations in Paragraph 8.**

9.      The IDHR issued a right to sue letter dated January 14, 2021.  This filing is made 90 days or less since receipt of the right to sue letter.  All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:    Defendants admit that the IDHR issued a Notice of Dismissal for Lack of Substantial Evidence and that this lawsuit was filed less than 90 days later.  Defendants deny the remaining allegations in Paragraph 9.**

## FACTUAL BACKGROUND

### *Ms. Tao Endures Hostility and Harassment During Her Employment at Simplex*

10.      Ms. Tao joined Simplex in the first week of 2015 as an options trader.  She is a Chinese-born Asian American female who became a naturalized citizen of the United States in 2003.  Ms. Tao is also the only Asian female that has ever worked as a trader for Simplex, and only the third woman overall to have ever served in that position in the company's history.

**ANSWER:    Defendants admit that Plaintiff was hired as a trader on January 5, 2015.  On information and belief, Defendants admit that Plaintiff was born in China and became a naturalized American citizen in 2003.  Defendants deny that Plaintiff is the only Asian female who has ever worked as a trader for Simplex, deny that she is the third woman who has ever worked as a trader for Simplex, and deny the remaining allegations in Paragraph 10.**

11.      From the beginning of her employment at Simplex, Ms. Tao endured a hostile work environment stemming from the conduct of Matt Zimmerman, who was initially a fellow options trader at the time Ms. Tao was hired, before becoming Simplex's Head of Trading.

**ANSWER:    Defendants admit that Zimmerman was an options trader when Plaintiff was hired and that he subsequently became Simplex's Head of Trading.  Defendants deny the remaining allegations in Paragraph 11.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

12.    Zimmerman – who apparently had rage or impulse-control issues – engaged in behaviors that would be considered unacceptable under even the most stressful working conditions.

**ANSWER:    Defendants deny the allegations in Paragraph 12.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

13.    Zimmerman often bullied and belittled Ms. Tao, yelling at her with profanity or denigrating what he believed to be "idiotic" decisions or "stupid" questions.  Zimmerman preferred to engage in these behaviors in front of others, presumably for the purposes of having an audience to humiliate Tao.

**ANSWER:    Defendants deny the allegations in Paragraph 13.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

14.     Zimmerman's behavior often went further than this. In his most uncontrolled state, Zimmerman was given to fits of physical intimidation and violence.

**ANSWER:    Defendants deny the allegations in Paragraph 14. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

15.     On multiple occasions, Ms. Tao witnessed Zimmerman punch, hit, or slam various objects around the office, including tables, whiteboards, and computing equipment of various types. When his rage truly spiraled out of control, Zimmerman would stand in full view of the office and smash his computer keyboard or mouse against his desk hard enough to break them – which he did several times to the alarm of Ms. Tao.

**ANSWER:    Defendants deny the allegations in Paragraph 15. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

16.     Zimmerman also kept a baseball bat in the office that he used to further smash and destroy various objects in his immediate vicinity.

**ANSWER:    Defendants deny the allegations in Paragraph 16. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

*Ms. Tao Complains About Defendant Zimmerman*

17.     Defendant Simplex was eventually required to take action to correct Zimmerman's behaviors in 2017.

**ANSWER:    Defendants admit that in 2016 – over four years before her employment was terminated – Plaintiff claimed that Zimmerman (who was then her coworker, not her supervisor) had used profanities and occasionally conducted himself unprofessionally. Defendants deny that Plaintiff claimed any such conduct related to sex, race, or any other protected characteristic and deny the remaining allegations in Paragraph 17.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

18.     However, this remedial action was not self-initiated or first proposed by Defendant Simplex.  On the contrary, Zimmerman was only made to account for his conduct after Ms. Tao officially complained in her year-end review that Zimmerman's behavior was creating a hostile work environment for her and others.  Ms. Tao was the only employee who had the courage to lodge a complaint regarding Zimmerman's unacceptable conduct.

**ANSWER:    Defendants admit that nobody else complained about Zimmerman. Defendants deny that Plaintiff "officially complained" about Zimmerman, deny that Zimmerman created a hostile work environment for anybody, and deny the remaining allegations in Paragraph 18.   Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

*Defendant Zimmerman Becomes Ms. Tao's Supervisor*

19.     Despite his egregious behavior, Zimmerman was promoted by Defendant Simplex to Head of Trading in 2019.

**ANSWER:    Defendants admit that Zimmerman was promoted to Head of Trading in 2019, but deny the remaining allegations in Paragraph 19.**

20.     While Zimmerman was careful to avoid any physical threats or intimidation in his new position, he was as angry as he had been in earlier years, frequently cursing and lobbing disparaging comments at Ms. Tao.

**ANSWER:    Defendants admit that Zimmerman did not threaten or intimidate Plaintiff, but deny the remaining allegations in Paragraph 20. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

21.     Zimmerman's cruelty and hostility toward Ms. Tao was hardly surprising, as it was Ms. Tao that had raised the original complaints that forced him to curb his offending behavior in 2017. Zimmerman's anger and acrimony towards Ms. Tao was thus a form of retaliation in response to her prior complaints.

**ANSWER:    Defendants deny the allegations in Paragraph 21. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

8

*Ms. Tao is Unjustly Disciplined by Defendant Zimmerman*

22.     In the third week of December of 2020, Ms. Tao participated in a year-end performance review with Zimmerman and Erik Swanson, Simplex's Chief Executive Officer.

**ANSWER:     Defendants admit the allegations in Paragraph 22.**

23.     At this meeting, Ms. Tao received no criticism or negative feedback on her performance in 2020, nor was she informed that her work was lacking or otherwise insufficient. There was also no suggestion by Simplex that Ms. Tao's efforts in 2020 required any form of corrective action or improvement.

**ANSWER:     Defendants deny the allegations in Paragraph 23.    Answering further, Plaintiff's employment was terminated for poor performance as a trader.  In approximately mid-2018, Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request.  They knew when they agreed to her request that she was an Asian female.  Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex.**

24.     Then, on January 25, 2021, Ms. Tao was called into a supplemental "performance review" with Zimmerman and Swanson, this time with a representative from Simplex's human resources department present.

**ANSWER:     Defendants admit that on January 25, 2021, Zimmerman, Swanson, and Director of Human Resources Scott Losey met with Plaintiff regarding mistakes she had made that had been identified that day, but deny the remaining allegations in Paragraph 24. Answering further, In approximately mid-2018, Plaintiff's employment was terminated for**

9

**poor performance as a trader. Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex.**

25. At this second meeting, Ms. Tao was informed that a programming "bug" had existed in a certain trading algorithm that had been used by Simplex in January of 2021, and that the presence of this "bug" had resulted in the miscalculation of certain client fees that were due in connection with specific trading opportunities.

**ANSWER: Defendants admit that Zimmerman and Swanson described Plaintiff's performance deficiencies to her in January 2021, including errors that had occurred under her oversight, but deny the remaining allegations in Paragraph 25. Answering further, Plaintiff's employment was terminated for poor performance as a trader. In approximately mid-2018, Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex. Notably, Plaintiff's supervisors spoke to her about her poor performance on several occasions and rather than accept any responsibility or demonstrate an effort to improve, Plaintiff consistently blamed others for her performance.**

26. Ms. Tao was not responsible for the miscoding of the algorithm in question, as she is a trader who has no formal background in the computer programs that underlie Simplex's market

trades. Developers (not options traders) create these algorithms at Simplex, and so her error (according to Zimmerman) was in not noticing the "bug" before it was brought to her attention.

**ANSWER: Defendants admit that Plaintiff was not a computer developer, admit that Plaintiff deflected all responsibility for her performance deficiencies, and admit that Plaintiff failed to notice or correct mistakes committed under her oversight and which were her responsibility. Defendants deny the remaining allegations in Paragraph 26. Answering further, Plaintiff's employment was terminated for poor performance as a trader. In approximately mid-2018, Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex. Notably, Plaintiff's supervisors spoke to her about her poor performance on several occasions and rather than accept any responsibility or demonstrate an effort to improve, Plaintiff consistently blamed others for her performance.**

27. Notwithstanding these allegations, Ms. Tao was not terminated at this meeting, nor did Simplex identify any significant losses the company had sustained as the result of this error. The "bug" was subsequently corrected, after which Ms. Tao went back to work without issue. Nevertheless, Ms. Tao was stripped of her responsibilities for building out and leading Simplex's retail options trading business – a role she assumed years earlier that was now turning a substantial profit due to the COVID-19 pandemic. Her "discipline" by Zimmerman was merely a further effort to retaliate against her by taking these important responsibilities away.

11

**ANSWER:** Defendants admit that Simplex did not immediately terminate Plaintiff's employment for the costly mistakes committed under her oversight and for which she was responsible. Plaintiff's mistakes were consistent with previous mistakes she had made and that were previously addressed with Plaintiff. Defendants deny the remaining allegations in Paragraph 27. Answering further, Plaintiff's employment was terminated for poor performance as a trader. In approximately mid-2018, Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex. Notably, Plaintiff's supervisors spoke to her about her poor performance on several occasions and rather than accept any responsibility or demonstrate an effort to improve, Plaintiff consistently blamed others for her performance.

28. Critically, the developer responsible for the "bug" (a white male) was not reprimanded in any way, nor have other employees at Simplex been formally disciplined or terminated for an inadvertent mistake of this type. Only Ms. Tao – the sole Asian female working as a trader for Simplex – was reprimanded in connection with this incident.

**ANSWER:** Defendants admit that Plaintiff was the only employee terminated for Plaintiff's errors which resulted in significant financial losses. Defendants further answer that Simplex has disciplined and/or terminated other employees for poor performance who were male and non-Asian.

*Ms. Tao is Terminated by Simplex*

29.     Two weeks later, on February 8, 2021, Ms. Tao was called into yet a third "performance review" with the same parties (Zimmerman, Swanson, and a representative of Simplex's human resources department). She was then told that she was fired, effectively immediately.

**ANSWER:    Defendants admit that Zimmerman, Swanson, and Losey again spoke with Plaintiff on February 8, 2021 and informed her that her employment was terminated. Defendants deny the remaining allegations in Paragraph 29. Answering further, Plaintiff's employment was terminated for poor performance as a trader. In approximately mid-2018, Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex. Notably, Plaintiff's supervisors spoke to her about her poor performance on several occasions and rather than accept any responsibility or demonstrate an effort to improve, Plaintiff consistently blamed others for her performance. Simplex discovered even more of Plaintiff's performance deficiencies resulting in significant losses to Simplex following Plaintiff's termination. Further answering, Defendants state that it has terminated other employees for poor performance who were male and non-Asian.**

30.     When Ms. Tao pointed out that her last performance review had been only two weeks earlier and that any issues regarding the "bug" had been resolved, she was advised by Zimmerman that "some things had come to light during the past two weeks" suggesting that she

had "no future with the firm." When pressed regarding this cryptic commentary, Zimmerman was unwilling to provide further information.

**ANSWER: Defendants admit that, upon further evaluation of Plaintiff's work, Zimmerman and Swanson had lost confidence in Plaintiff's work and that Plaintiff's employment was consequently terminated. Defendants deny the remaining allegations in Paragraph 30. Answering further, Plaintiff's employment was terminated for poor performance as a trader. In approximately mid-2018, Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex. Notably, Plaintiff's supervisors spoke to her about her poor performance on several occasions and rather than accept any responsibility or demonstrate an effort to improve, Plaintiff consistently blamed others for her performance. Simplex discovered even more of Plaintiff's performance deficiencies resulting in significant losses to Simplex following Plaintiff's termination.**

31. Ms. Tao was terminated just one day before other traders at Simplex were informed of the amount of their annual earned bonuses for 2020.

**ANSWER: Defendants admit that Plaintiff was terminated before traders were informed regarding the amounts of their performance bonuses. Answering further, Plaintiff's bonus was discretionary and was only awarded for "excellent performance." Plaintiff's performance in 2020 was not "excellent" and she did not merit a performance bonus. Plaintiff filed a separate action in the Circuit Court of Cook County seeking a bonus. On**

14

July 28, 2021, Judge Michael Otto dismissed Plaintiff's claim with prejudice. *See Tao v. Simplex Investments, LLC*, 2021L003870, Circuit Court of Cook County, Illinois, County Department, Law Division. Plaintiff has appealed that ruling.

32.     Ms. Tao has for the past five years in a row received an annual bonus, often forming the bulk of her compensation. Her bonus has typically increased or decreased in proportion to Simplex's overall profitability for the year under consideration.

**ANSWER:     Defendants admit that Plaintiff had received substantial discretionary bonuses in previous years (years in which Zimmerman and Swanson knew Plaintiff was an Asian female), but state that her bonuses in previous years are irrelevant. Defendants deny the remaining allegations in Paragraph 32.**

33.     For example, in 2018 (which had previously been Simplex's best year to date), Ms. Tao received an annual bonus of $600,000.00. In 2019 (a less profitable year), she was paid an annual bonus of $275,000.00.

**ANSWER:     Defendants admit that Plaintiff received substantial discretionary bonuses in previous years (years in which Zimmerman and Swanson knew Plaintiff was an Asian female), but state that her bonuses in previous years are irrelevant. Defendants deny the remaining allegations in Paragraph 33.**

34.     2020 was Simplex's most profitable year since its founding, and while all other traders and employees at Simplex were paid substantial bonuses in or around February of 2021,

15

and Zimmerman and Swanson both received multi-million-dollar bonuses that included monies that should have been rightfully paid to Ms. Tao, Ms. Tao was terminated and not paid a bonus.

**ANSWER: Defendants admit that Plaintiff's employment was terminated for poor performance and that she did not earn and was not paid a bonus based on her poor performance in 2020. Defendants admit that other employees who did not perform poorly in 2020 received bonuses. Defendants deny the remaining allegations in Paragraph 34.**

35. Zimmerman and Swanson were personally and chiefly responsible for setting the bonuses of all traders who worked at Simplex, and were also personally and principally responsible for firing Ms. Tao and failing to pay her the accrued annual bonus she earned in 2020.

**ANSWER: Defendants admit that Zimmerman and Swanson were among the decision makers regarding annual bonuses and regarding Plaintiff's termination, but deny the remaining allegations in Paragraph 35. Defendants specifically deny that Plaintiff's discretionary bonus was accrued and state she was denied because her performance was not "excellent."**

36. Ms. Tao – the sole Asian female working as a trader for Simplex – was also the only person fired in connection with these events, and at the same time the only employee who had ever had the courage to object to the atmosphere created by the individual who fired her (Zimmerman).

**ANSWER: Defendants admit that Plaintiff was the only employee terminated for Plaintiff's poor performance, but deny the remaining allegations in Paragraph 36. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful**

16

**conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment. Plaintiff's employment was terminated for poor performance as a trader. In approximately mid-2018, Plaintiff asked for more responsibility as a trader and Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex. Simplex discovered even more of Plaintiff's performance deficiencies resulting in significant losses to Simplex following Plaintiff's termination.**

37.    As noted above, Ms. Tao is only the third woman in the history of the company that has ever worked as a trader at Simplex. Adding to offensiveness of her termination, just weeks before she was fired, Ms. Tao had informed Defendant Zimmerman that she was undergoing surgical procedures relating to fertility. In fact, Ms. Tao had advised Zimmerman that she needed to work remotely for a period of time to undergo an additional egg-retrieval cycle in Los Angeles, California.

**ANSWER:    Defendants admit that Plaintiff mentioned to Zimmerman that she would be in California for fertility treatments. Plaintiff and her coworkers had already been working remotely for approximately 11 months at the time of this conversation due to COVID-19 safety protocols, and Zimmerman took no action based on Plaintiff's statement regarding fertility treatments because Plaintiff's plans in no way affected her ability or availability to perform her job duties. Defendants deny the remaining allegations in Paragraph 37. Answering further, Plaintiff's employment was terminated for poor performance as a trader. In approximately mid-2018, Plaintiff asked for more responsibility as a trader and**

17

Zimmerman and Swanson agreed to her request. They knew when they agreed to her request that she was an Asian female. Plaintiff failed in handling these greater responsibilities and her poor performance resulted in significant financial losses for Simplex. Simplex discovered even more of Plaintiff's performance deficiencies resulting in significant losses to Simplex following Plaintiff's termination.

<u>COUNT I – Against Simplex</u>
**Sex Discrimination in Violation of Title VII**
**of the Civil Rights Act of 1964, as Amended**

38.     Ms. Tao restates and realleges paragraphs 1-37 as though fully set forth herein.

**ANSWER:     Simplex reincorporates its answers to Paragraphs 1 through 37 as if fully set forth herein.**

39.     Simplex is a covered "employer" as defined under Title VII of the Civil Rights Act, 42 U.S.C. §2000-e, *et seq.*, ("Title VII").

**ANSWER:     Simplex admits the allegations in Paragraph 39.**

40.     Ms. Tao is a covered "employee" as defined under Title VII.

**ANSWER:     Simplex admits the allegations in Paragraph 40.**

41.     Ms. Tao is a member of a protected class, female.

**ANSWER:     Simplex admits the allegations in Paragraph 41.**

42.     Ms. Tao performed her job satisfactorily at all times during her employment with Simplex.

**ANSWER:     Simplex denies the allegations in Paragraph 42.**

43.     Simplex terminated Ms. Tao from her employment and refused to pay her wages owed.

**ANSWER:     Simplex admits that it terminated Plaintiff's employment, but denies the remaining allegations in Paragraph 43.  Answering further, Plaintiff brought a separate lawsuit claiming Simplex refused to pay her wages owed and her lawsuit was dismissed with prejudice.  *See Tao v. Simplex Investments, LLC*, 2021L003870, Circuit Court of Cook County, Illinois, County Department, Law Division.  Plaintiff has appealed that ruling.**

44.     Similarly situated male employees were treated more favorably.

**ANSWER:     Simplex denies the allegations in Paragraph 44.**

45.     Simplex has discriminated against Ms. Tao in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, by subjecting her to different treatment on the basis of her gender.  Ms. Tao has suffered disparate treatment as a result of Simplex's wrongful conduct.

**ANSWER:     Simplex denies the allegations in Paragraph 45.**

46.     In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER:     Simplex denies the allegations in Paragraph 46.**

47.     As a result of Simplex's conduct alleged in this Complaint, Ms. Tao has suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress and mental anguish.

**ANSWER:     Simplex denies the allegations in Paragraph 47.**

48.     Simplex's unlawful and discriminatory actions constitute malicious, willful and wanton violation of Title VII.

**ANSWER:     Simplex denies the allegations in Paragraph 48.**

49.     By reason of Simplex's discrimination, Ms. Tao is entitled to all legal and equitable remedies available for violations of 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, including an award of punitive damages.

**ANSWER:     Simplex denies the allegations in Paragraph 49.**

50.     Attorneys' fees should be awarded under 42 U.S.C.  §2000e-5(k).

**ANSWER:     Simplex denies the allegations in Paragraph 50.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys; fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:** **Simplex denies that Plaintiff is entitled to any damages.**

## COUNT II – Against Simplex
### Race/National Origin Discrimination in Violation of Title VII
### of the Civil Rights Act of 1964, as Amended

51.    Ms. Tao restates and realleges paragraphs 1-37 as though fully set forth herein.

**ANSWER:** **Simplex reincorporates its answers to Paragraphs 1 through 37 as if fully set forth herein.**

52.    Simplex is a covered "employer" as defined under Title VII of the Civil Rights Act, 42 U.S.C. §2000-e, *et seq*. ("Title VII").

**ANSWER:** **Simplex admits the allegations in Paragraph 52.**

53.    Ms. Tao is a covered "employee" as defined under Title VII.

**ANSWER:** **Simplex admits the allegations in Paragraph 53.**

54.    Ms. Tao is a member of a protected class, Asian-American.

**ANSWER:** **Simplex admits the allegations in Paragraph 54.**

55.     Ms. Tao performed her job satisfactorily at all times during her employment with Simplex.

**ANSWER:     Simplex denies the allegations in Paragraph 55.**

56.     Simplex terminated Ms. Tao from her employment and refused to pay her wages owed.

**ANSWER:     Simplex admits that it terminated Plaintiff's employment, but denies the remaining allegations in Paragraph 56. Answering further, Plaintiff brought a separate lawsuit claiming Simplex refused to pay her wages owed and her lawsuit was dismissed with prejudice.** ***See Tao v. Simplex Investments, LLC*, 2021L003870, Circuit Court of Cook County, Illinois, County Department, Law Division. Plaintiff has appealed that ruling.**

57.     Similarly situated non-Asian employees were treated more favorably.

**ANSWER:     Simplex denies the allegations in Paragraph 57.**

58.     Simplex has discriminated against Ms. Tao in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*., as amended by the Civil Rights Act of 1991, by subjecting her to different treatment on the basis of her race/national origin – Chinese-born Asian-American. Ms. Tao has suffered disparate treatment as a result of Simplex's wrongful conduct.

**ANSWER:     Simplex denies the allegations in Paragraph 58.**

59.     In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER:     Simplex denies the allegations in Paragraph 59.**

60.     As a result of Simplex's conduct alleged in this Complaint, Ms. Tao has suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

**ANSWER:     Simplex denies the allegations in Paragraph 60.**

61.     Simplex's unlawful and discriminatory actions constitute malicious, willful, and wanton violation of the Title VII.

**ANSWER:     Simplex denies the allegations in Paragraph 61.**

62.     By reason of Simplex's discrimination, Ms. Tao is entitled to all legal and equitable remedies available for violations of 42 U.S.C. §2000e *et seq*., as amended by the Civil Rights Act of 1991, including an award of punitive damages.

**ANSWER:     Simplex denies the allegations in Paragraph 62.**

63.     Attorneys' fees should be awarded under 42 U.S.C. §2000e-5(k).

**ANSWER:     Simplex denies the allegations in Paragraph 63.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:** **Simplex denies that Plaintiff is entitled to any relief.**

<u>**COUNT III – Against Simplex**</u>
**Sex Discrimination in Violation of the Equal Pay Act**

64.     Ms. Tao restates and realleges paragraphs 1-37 as though fully set forth herein.

**ANSWER:** **Simplex reincorporates its answers to Paragraphs 1 through 37 as if fully set forth herein.**

65.     Simplex paid substantially greater wages to male employees than it did to Ms. Tao.

**ANSWER:** **Simplex denies the allegations in Paragraph 65.**

66.     Ms. Tao performed equal work that required equal skill, effort, and responsibility as her male co-workers.

**ANSWER:** **Simplex denies the allegations in Paragraph 66 and denies that she was paid unfairly based on her sex.**

67.     Ms. Tao and her male co-workers had similar working conditions.

**ANSWER:** **Simplex denies that Plaintiff's working conditions were the same as her male coworkers, denies the remaining allegations in Paragraph 67, and denies that she was paid unfairly based on her sex.**

68. Simplex has discriminated against Ms. Tao in violation of the Equal Pay Act, 29 U.S.C. §206 *et seq*., by subjecting Ms. Tao to different pay on the basis of her sex. Ms. Tao has suffered disparate treatment as a result of Simplex's wrongful conduct.

**ANSWER: Simplex denies the allegations in Paragraph 68.**

69. In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER: Simplex denies the allegations in Paragraph 69.**

70. As a result of Simplex's conduct alleged in this Complaint, Ms. Tao has suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

**ANSWER: Simplex denies the allegations in Paragraph 70.**

71. Simplex's unlawful and discriminatory actions constitute malicious, willful and wanton violation of the Equal Pay Act.

**ANSWER: Simplex denies the allegations in Paragraph 71.**

72. By reason of Simplex's discrimination, Ms. Tao is entitled to all legal and equitable remedies available for violations of 29 U.S.C. §206 *et seq*., including an award of punitive damages.

**ANSWER: Simplex denies the allegations in Paragraph 72.**

73. Attorneys' fees should be awarded under 29 U.S.C. §216(b).

**ANSWER:** **Simplex denies the allegations in Paragraph 73.**


WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:** **Simplex denies that Plaintiff is entitled to any damages.**


### COUNT IV – Against Simplex
### Sex Discrimination in Violation of Illinois Human Rights Act

74. Ms. Tao restates and realleges paragraphs 1-37 as though fully set forth herein.

**ANSWER:** **Simplex reincorporates its answers to Paragraphs 1 through 37 as if fully set forth herein.**


75. Simplex is a covered "employer" as defined under the Illinois Human Rights Act.

**ANSWER:** **Simplex admits the allegations in Paragraph 75.**


76. Ms. Tao is a covered "employee" as defined under the Illinois Human Rights Act.

**ANSWER:** **Simplex admits the allegations in Paragraph 76.**


77. Ms. Tao is a member of a protected class, female.

**ANSWER:** **Simplex admits the allegations in Paragraph 77.**

78.    Ms. Tao performed her job satisfactorily at all times during her employment with Simplex.

**ANSWER:    Simplex denies the allegations in Paragraph 78.**

79.    Simplex terminated Ms. Tao from her employment and refused to pay her wages owed.

**ANSWER:    Simplex admits that it terminated Plaintiff's employment, but denies the remaining allegations in Paragraph 79.  Answering further, Plaintiff brought a separate lawsuit claiming Simplex refused to pay her wages owed and her lawsuit was dismissed with prejudice.  *See Tao v. Simplex Investments, LLC*, 2021L003870, Circuit Court of Cook County, Illinois, County Department, Law Division.  Plaintiff has appealed that ruling.**

80.    Similarly situated male employees were treated more favorably.

**ANSWER:    Simplex denies the allegations in Paragraph 80.**

81.    Simplex has discriminated against Ms. Tao in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*., by subjecting Ms. Tao to different treatment on the basis of her gender.  Ms. Tao has suffered disparate treatment as a result of Simplex's wrongful conduct.

**ANSWER:    Simplex denies the allegations in Paragraph 81.**

82.    In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the Illinois State protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER:** **Simplex denies the allegations in Paragraph 82.**

83. As a result of Simplex's conduct alleged in this Complaint, Ms. Tao has suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

**ANSWER:** **Simplex denies the allegations in Paragraph 83.**

84. Simplex's unlawful and discriminatory actions constitute malicious, willful and wanton violation of the Illinois Human Rights Act.

**ANSWER:** **Simplex denies the allegations in Paragraph 84.**

85. By reason of Simplex's discrimination, Ms. Tao is entitled to all legal and equitable remedies available for violations of 775 ILCS 5/1-101 *et seq*., including an award of punitive damages.

**ANSWER:** **Simplex denies the allegations in Paragraph 85.**

86. Attorneys' fees should be awarded under 775 ILCS 5/10-102(C)(2).

**ANSWER:** **Simplex denies the allegations in Paragraph 86.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

28

**ANSWER:** **Simplex denies that Plaintiff is entitled to any damages.**

## COUNT V – Against Simplex

### Race/National Origin Discrimination in Violation of the Illinois Human Rights Act

87.  Ms. Tao restates and realleges paragraphs 1-37 as though fully set forth herein.

**ANSWER:** **Simplex reincorporates its answers to Paragraphs 1 through 37 as if fully set forth herein.**

88.  Simplex is a covered "employer" as defined under the Illinois Human Rights Act.

**ANSWER:** **Simplex admits the allegations in Paragraph 88.**

89.  Ms. Tao is a covered "employee" as defined under the Illinois Human Rights Act.

**ANSWER:** **Simplex admits the allegations in Paragraph 89.**

90.  Ms. Tao is a member of a protected class, Asian-American.

**ANSWER:** **Simplex admits the allegations in Paragraph 90.**

91.  Ms. Tao performed her job satisfactorily at all times during her employment with Simplex.

**ANSWER:** **Simplex denies the allegations in Paragraph 91.**

92.  Simplex terminated Ms. Tao from her employment and refused to pay her wages owed.

**ANSWER:    Simplex admits that it terminated Plaintiff's employment, but denies the remaining allegations in Paragraph 92.  Answering further, Plaintiff brought a separate lawsuit claiming Simplex refused to pay her wages owed and her lawsuit was dismissed with prejudice.  *See Tao v. Simplex Investments, LLC*, 2021L003870, Circuit Court of Cook County, Illinois, County Department, Law Division.  Plaintiff has appealed that ruling.**

93.    Similarly situated non-Asian employees were treated more favorably.

**ANSWER:    Simplex denies the allegations in Paragraph 93.**

94.    Simplex has discriminated against Ms. Tao in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*., by subjecting Ms. Tao to different treatment on the basis of her race/national origin – Chinese-born Asian-American.  Ms. Tao has suffered both disparate impact and disparate treatment as a result of Simplex's wrongful conduct.

**ANSWER:    Simplex denies the allegations in Paragraph 94.**

95.    In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the Illinois state protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER:    Simplex denies the allegations in Paragraph 95.**

96.    As a result of Simplex's conduct alleged in this Complaint, Ms. Tao suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

**ANSWER:    Simplex denies the allegations in Paragraph 96.**


97.    Simplex's unlawful and discriminatory actions constitute malicious, willful and wanton violation of the Illinois Human Rights Act.

**ANSWER:    Simplex denies the allegations in Paragraph 97.**


98.    By reason of Simplex's discrimination, Ms. Tao is entitled to all legal and equitable remedies available for violations of 775 ILCS 5/1-101 *et seq*., including an award of punitive damages.

**ANSWER:    Simplex denies the allegations in Paragraph 98.**


99.    Attorneys' fees should be awarded under 775 ILCS 5/10-102(C)(2).

**ANSWER:    Simplex denies the allegations in Paragraph 99.**


WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:    Simplex denies that Paragraph is entitled to any relief.**


## COUNT VI – Against Simplex
### Hostile Work Environment in violation of Title VII – 42 U.S.C. §2000-e2

100.    Ms. Tao restates and realleges paragraphs 1-37 as though fully set forth herein.

**ANSWER:    Simplex reincorporates its answers to Paragraphs 1 through 37 as if fully set forth herein.**


101.    Simplex is a covered "employer" as defined under Title VII of the Civil Rights Act, 42 U.S.C. §2000-e, *et seq*., ("Title VII").

**ANSWER:    Simplex admits the allegations in Paragraph 101.**


102.    Ms. Tao is a covered "employee" as defined under Title VII.

**ANSWER:    Simplex admits the allegations in Paragraph 102.**


103.    Ms. Tao is a member of protected classes, female and Asian-American.

**ANSWER:    Simplex admits the allegations in Paragraph 103.**


104.    Ms. Tao performed her job satisfactorily at all times during her employment with Simplex.

**ANSWER:    Simplex denies the allegations in Paragraph 104.**


105.    As detailed above, Plaintiff was subjected to unwelcome harassment from Simplex managers.

**ANSWER:    Simplex denies the allegations in Paragraph 105.  Answering further, Plaintiff never complained that Zimmerman or any other Simplex manager engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman or any other Simplex manager at all in the final four years of her employment.**

32

106.    The unwelcome harassment was based on Ms. Tao's gender, female, and race/national origin – Asian-American.

**ANSWER:    Simplex denies the allegations in Paragraph 106.  Answering further, Plaintiff never complained that Zimmerman or any other Simplex manager engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman or any other Simplex manager at all in the final four years of her employment.**

107.    The unwelcome harassment unreasonably interfered with Ms. Tao's work performance and environment.

**ANSWER:    Simplex denies the allegations in Paragraph 107.  Answering further, Plaintiff never complained that Zimmerman or any other Simplex manager engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman or any other Simplex manager at all in the final four years of her employment.**

108.    The harassment came from Ms. Tao's supervisor and Simplex knew or should have known of the harassment and failed to take reasonable corrective action.

**ANSWER:    Simplex denies the allegations in Paragraph 108.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

109.    In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER:    Simplex denies the allegations in Paragraph 109.**

110.    As a result of Simplex's conduct alleged in this Complaint, Ms. Tao has suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

**ANSWER:    Simplex denies the allegations in Paragraph 110.**

111.    Simplex's unlawful and discriminatory actions constitute malicious, willful and wanton violation of Title VII.

**ANSWER:    Simplex denies the allegations in Paragraph 111.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:    Simplex denies that Plaintiff is entitled to any relief.**

## COUNT VII – Against Simplex

### Retaliation in violation of Title VII – 42 U.S.C. §2000-e3(a)

112.     Ms. Tao restates and realleges paragraphs 1-63, 101-111 as though fully set forth herein.

**ANSWER:     Simplex reincorporates its answers to Paragraphs 1 through 63 and 101 through 111 as if fully set forth herein.**


113.     Simplex is a covered "employer" as defined under Title VII of the Civil Rights Act, 42 U.S.C. §2000-e *et seq*., ("Title VII").

**ANSWER:     Simplex admits the allegations in Paragraph 113.**


114.     Ms. Tao is a covered "employee" as defined under Title VII.

**ANSWER:     Simplex admits the allegations in Paragraph 114.**


115.     Ms. Tao is a member of protected classes, female, Asian-American.

**ANSWER:     Simplex admits the allegations in Paragraph 115.**


116.     Ms. Tao performed her job satisfactorily at all times during her employment with Simplex.

**ANSWER:     Simplex denies the allegations in Paragraph 116.**


117.     Ms. Tao complained to Simplex management of harassment by Zimmerman.

**ANSWER:     Simplex denies the allegations in Paragraph 117.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race,**

or national origin and did not complain about Zimmerman at all in the final four years of her employment.

118.    Simplex retaliated against Ms. Tao for making those complaints by, among other things, terminating her employment in violation of 42 U.S.C. §2000-e3(a).

**ANSWER:    Simplex denies the allegations in Paragraph 118.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

119.    In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER:    Simplex denies the allegations in Paragraph 119.**

120.    As a result of Simplex's conduct alleged in this Complaint, Ms. Tao has suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

**ANSWER:    Simplex denies the allegations in Paragraph 120.**

121.    Simplex's unlawful and discriminatory actions constitute malicious, willful, and wanton violation of Title VII.

**ANSWER:    Simplex denies the allegations in Paragraph 121.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:** **Simplex denies that Plaintiff is entitled to any relief.**

### COUNT XIII – Against Simplex
### Retaliation in Violation of Illinois Human Rights Act

122. Ms. Tao restates and realleges paragraphs 1-37, 74-99, as though fully set forth herein.

**ANSWER:** **Simplex reincorporates its answers to Paragraphs 1 through 37 and 74 through 99 as if fully set forth herein.**

123. Simplex is a covered "employer" as defined under the Illinois Human Rights Act.

**ANSWER:** **Simplex admits the allegations in Paragraph 123.**

124. Ms. Tao is a covered "employee" as defined under the Illinois Human Rights Act.

**ANSWER:** **Simplex admits the allegations in Paragraph 124.**

125. Ms. Tao is a member of protected classes, female and Asian-American.

**ANSWER:** **Simplex admits the allegations in Paragraph 125.**

126. The Illinois Human Rights Act makes it unlawful for an employer to discriminate against any employee because she has opposed any unlawful employment practice or because she

37

has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to the Illinois Human Rights Act.

**ANSWER:**    **Simplex states that the text of the Illinois Human Rights Act speaks for itself.**

127.    By its conduct as alleged herein, Simplex discriminated and retaliated against Ms. Tao for exercising her rights under the Illinois Human Rights Act and opposing an unlawful employment practice.

**ANSWER:**    **Simplex denies the allegations in Paragraph 127.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

128.    In the employment practices described above, Simplex intentionally engaged in discriminatory practices with malice or with reckless indifference to the Illinois state protected rights of Ms. Tao, entitling Ms. Tao to punitive damages.

**ANSWER:**    **Simplex denies the allegations in Paragraph 128.**

129.    As a result of Simplex's conduct alleged in this Complaint, Ms. Tao has suffered harm, including but not limited to lost earnings, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

**ANSWER:**    **Simplex denies the allegations in Paragraph 129.**

130.    Simplex's unlawful and discriminatory actions constitute malicious, willful, and wanton violation of the Illinois Human Rights Act.

**ANSWER:    Simplex denies the allegations in Paragraph 130.**


WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:    Simplex denies that Plaintiff is entitled to any relief.**


## COUNT IX – Against All Defendants
### Discrimination/Hostile Work Environment - §1981

131.    Ms. Tao restates and realleges paragraphs 1-37 as though fully set forth herein.

**ANSWER:    Defendants reincorporate their answers to Paragraphs 1 through 37 as if fully set forth herein.**


132.    Ms. Tao is a member of a protected class, Asian-American.

**ANSWER:    Defendants admit the allegations in Paragraph 132.**


133.    During the course of Ms. Tao's employment, she was continually subjected to unequal treatment and a hostile work environment.

**ANSWER:    Defendants deny the allegations in Paragraph 133.   Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her**

**sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

134. Similarly situated employees, not in Ms. Tao's protected class, were not discriminated against and/or subjected to a hostile work environment.

**ANSWER: Defendants admit that employees were not discriminated against or subjected to a hostile work environment, but deny that any employees similarly situated to Plaintiff were treated more favorably than she. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

135. Defendants, in violation of the provisions of 42 U.S.C. §1981 *et seq*., discriminated against Ms. Tao on the basis of her race, Asian, and denied her equal opportunity for employment because of her race. In particular, Defendants subjected Ms. Tao to discrimination and/or a hostile work environment as described above solely because of her race.

**ANSWER: Defendants deny the allegations in Paragraph 135. Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

136. Defendants knew that their treatment of Ms. Tao violated 42 U.S.C. §1981.

**ANSWER: Defendants deny the allegations in Paragraph 136.**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:    Defendants deny that Plaintiff is entitled to any relief.**

### COUNT X – Against All Defendants
### Retaliation - §1981

137.    Ms. Tao restates and realleges paragraphs 1-37 and 131-136 as though fully set forth herein.

**ANSWER:    Defendants reincorporate their answers to Paragraphs 1 through 37 and 131 through 136 as if fully set forth herein.**

138.    Subsequent to the time that Ms. Tao complained to Simplex of the hostile work environment to Defendants, Defendants discharged her employment.

**ANSWER:    Defendants admit that Simplex terminated Plaintiff's employment, but deny the remaining allegations in Paragraph 137.  Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her sex, race, or national origin and did not complain about Zimmerman at all in the final four years of her employment.**

139.    Defendants, in violation of the provisions of 42 U.S.C. §1981 *et seq*., retaliated against Ms. Tao for openly complaining of a racially hostile work environment.

**ANSWER:    Defendants deny the allegations in Paragraph 139.   Answering further, Plaintiff never complained that Zimmerman engaged in any unlawful conduct based on her**

41

**sex, race, or national origin and did not complain about Zimmerman at all in the final four**

**years of her employment.**

      140.    Defendants knew that their treatment of Ms. Tao violated 42 U.S.C. §1981.

**ANSWER:**    **Defendants deny the allegations in Paragraph 140.**

      WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages, including actual damages, damages for emotional distress, and punitive damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems just.

**ANSWER:**    **Defendants deny that Plaintiff is entitled to any relief.**

<u>**JURY DEMAND**</u>

      Ms. Tao demands a jury trial as to all causes of action set forth in this Complaint.

**ANSWER:**    **Defendants admit that Plaintiff has demanded a jury trial.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants had legitimate, nondiscriminatory and non-retaliatory reasons for their actions regarding Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's remedies are limited by the doctrine of after-acquired evidence.

### FIFTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate her damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to damages because Defendants would have made the same decisions and taken the same actions absent any allegedly unlawful motivation.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks liquidated or punitive damages, her request is barred or limited by the U.S. Constitution, Title VII, Section 1981, Illinois Human Rights Act, and the Illinois Constitution.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks liquidated or punitive damages, her request is barred by Defendants' good faith efforts to comply with all applicable laws.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's requested relief may not be available, given the nature of Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct inappropriate or unlawful conduct by establishing and publishing effective policies and complaint procedures for its employees, and Plaintiff unreasonably failed to take advantage of those policies and procedures.

## TWELFTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some of Plaintiff's claims fail because she has failed to exhaust her administrative remedies and/or because they are outside the scope of her administrative charge.

Dated:  March 21, 2022

Respectfully submitted,

By: *s/ David B. Ritter*

David B. Ritter
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
PH: (312) 214-4862
FX: (312) 759-5646
dritter@btlaw.com

Douglas M. Oldham
BARNES & THORNBURG LLP
41 S. High Street, Suite 3300
Columbus, Ohio 43215
PH: (614) 628-1422
FX: (614) 628-1433
doldham@btlaw.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 21, 2022, a copy of the foregoing was electronically filed with the

Clerk of the Court using the CM/ECF filing system, which will send notification of this filing to

counsel of record listed below:

> Aaron H. Stanton
> Alexander D. Marks
> Geneva C. Ramirez
> Burke, Warren, MacKay & Serritella, P.C.
> 330 N. Wabash Ave., Suite 2100
> Chicago, Illinois 60611
> astanton@burkelaw.com
> amarks@burkelaw.com
> gramirez@burkelaw.com

> *s/ David B. Ritter*
> David B. Ritter