IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZONGZONG (NICOLE) TAO, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 22-cv-1463 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| SIMPLEX INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Zongzong (Nicole) Tao ("plaintiff" or "Tao") brings this action against her former employer Simplex Investments, LLC ("defendant" or "Simplex") for gender and race/national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2 *et seq*. Before the Court is defendant's motion to exclude the expert testimony of plaintiff's expert Zachary Ziliak pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Specifically, defendant asks the Court to bar the testimony of Ziliak as unqualified, irrelevant, unreliable, and an improper narrative. (Dckt. #84). For the reasons set forth below, the Court agrees that Ziliak's testimony is irrelevant and defendant's motion to exclude is granted.

**I.    RELEVANT BACKGROUND**[1]

Defendant Simplex is a proprietary trading firm that employs algorithmic high frequency trading strategies to make profits from trading futures and equity options. According to Simplex, these trading strategies are designed, implemented, monitored, and refined over time by

---

[1] The Court presumes familiarity with the facts of this case and includes only those facts that are relevant to the *Daubert* motion currently before the Court.

1

Simplex's traders and developers. Generally speaking, a trader develops the logic to create new trading strategies or improve old ones and then communicates that logic to a developer, who writes the logic into code. Plaintiff Tao, a Chinese-American woman, began working for Simplex as an trader in 2015, and her responsibilities included monitoring trading strategies. One of the strategies for which she was responsible was called Spread Auction Trader ("SAT").

According to plaintiff, since she started working at Simplex, she endured a hostile work environment stemming from the aggressive conduct of the Head of Trading (and former co-trader) Matt Zimmerman and the fraternity-like culture of the firm. Notwithstanding this environment, Tao maintains that her performance at Simplex from 2015-2020 was "excellent" and that she received no criticism or negative feedback on her 2020 year-end performance review. Then, on January 25, 2021, Tao was called into a supplemental performance review with Zimmerman and CEO Erik Swanson and was informed of a programming "bug" for which she denies she was responsible. Two weeks later, on February 8, 2021, Tao was called into a third performance review at which she was informed she was terminated, effective immediately. In her first amended complaint, (Dckt. #103), plaintiff brings claim for gender and race discrimination for her termination in violation of Title VII and the IHRA.[2]

In Simplex's view, however, Tao's performance was simply "adequate" between 2015 through 2018, and she was never one of the top traders. In 2019, Simplex discovered that Tao made several errors that caused Simplex to question her performance. In 2020, Simplex's concerns about Tao's capabilities increased and she was ranked last amongst the traders due to her job performance. In early 2021, one of Simplex's developers discovered an error in the SAT

---

[2] Plaintiff's initial complaint included claims for hostile work environment and retaliation against Zimmerman and Swanson and for violation of the Equal Pay Act, but plaintiff has since withdrawn those claims and only her discrimination claims remain at issue.

strategy code, which resulted in the SAT making fewer trades and generating lower profits than it would have without the error. Simplex investigated further and determined that the error was introduced into the SAT code five months before its discovery even though Tao was tasked with monitoring the SAT and its performance on a daily basis.

Defendant has moved for summary judgment arguing that (1) Tao cannot establish her *prima facie* case for discrimination, and (2) even if she could, defendant has legitimate, nondiscriminatory reasons for the termination, which Tao cannot prove are pretext for discrimination. Separately, defendant filed its motion to exclude the testimony of plaintiff's expert Zachary Ziliak now before the Court.

## II. LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Haley v. Kolbe & Kolbe Millwork Co.*, 863 F.3d 600, 611 (7th Cir. 2017). Pursuant to Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Rule 702 delegates to district courts the responsibility of ensuring that expert testimony is both reliable and relevant. *Daubert*, 509 U.S. at 598. When fulfilling this gatekeeping role, courts in the Seventh Circuit evaluate: "(1) the proffered expert's *qualifications*; (2) the *reliability* of the

3

expert's methodology; and (3) the *relevance* of the expert's testimony." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017) (emphasis added).

Regarding the first prong, a witness may be qualified to testify based on relevant knowledge, skill, experience, training, or education. Fed.R.Evid. 702, advisory committee notes. "The Court 'must look at each of the conclusions [an expert] draws individually to see if he has the adequate education, skill, and training to reach them.'" *Webster Bank, N.A. v. Pierce & Assocs. P.C.*, No. 16-cv-2522, 2020 WL 616467, at *3 (N.D.Ill. Feb. 10, 2020), *quoting Hall v. Flannery*, 840 F.3d 922, 926 (7th Cir. 2016). As to the second prong, expert opinions are sufficiently reliable when they are based on sound methodology and can be properly applied to the facts. *Daubert*, 509 U.S. at 592-93. This inquiry is "'necessarily flexible' and the court has broad latitude in its determination of reliability." *Est. of Damiani v. Allen*, 4:16-cv-00053-RLY-DML, 2018 WL 4095080, at *5 (S.D.Ind. Aug. 28, 2018), *quoting Robinson ex rel. Irwin v. City of Madison*, No. 15-cv-502-jdp, 2017 WL 564682, at *8 (W.D.Wisc. Feb. 13, 2017). Finally, to be relevant, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702.

The proponent of the expert bears the burden of establishing the admissibility of her opinions by a preponderance of the evidence. *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 459 (7th Cir. 2019); Fed.R.Evid. 702. Whether to admit expert testimony rests within the discretion of the court. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

### III. ANALYSIS

Defendant asks the Court to exclude Ziliak's expert testimony, arguing that (1) he is not qualified to opine about how to properly operate and manage a high-frequency trading firm in the years 2020-2021; (2) his retrospective second-guessing of the soundness of Simplex's

4

decision to terminate Tao's employment is irrelevant; (3) he did not employ a reliable methodology reaching his conclusions; and (4) he offers improper narratives of the facts of this case under the guise of an expert opinion. For the reasons that follow, even assuming Ziliak is qualified and employed a reliable methodology in a proper form, his opinion is irrelevant to plaintiff's claims and defendant's motion to exclude is therefore granted.

A. **Ziliak's Expert Opinion**

Ziliak – now a practicing attorney – is a former trader and financial engineer. Plaintiff retained Ziliak to review and analyze the processes and procedures for the development and improvement of automated trading strategies, and "Simplex's claimed basis for terminating [Tao's] employment." (Dckt. #85-4 at 2). To do so, Ziliak reviewed, *inter alia*, Simplex's internal documents regarding its trading strategies, including the Spread Auction Trader, and deposition testimony. (*Id*. at 38-45).

Based on his background and review of the documents, Ziliak ultimately concluded that:

> The Spread Auction Trader ("SAT") strategy coding error was not Ms. Tao's fault; that the SAT strategy's operational behavior in the period from August 2020 to January 2021 would have given Ms. Tao no cause to discover or diagnose the error given shortcomings in Simplex's code and control practices; that the SAT strategy error was inadvertently detected by a developer when implementing unrelated functionality requested by Ms. Tao; and that Simplex's claimed estimate of the dollar impact of the SAT error is imprecise and misleading.

(*Id*. at 2; *see also id.* at 31-32). It is this opinion and testimony Simplex seeks to exclude as, among other things, irrelevant to plaintiff's discrimination claims.

B. **Ziliak's Opinion is Not Relevant to Plaintiff's Discrimination Claims**

Again, to be relevant, testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. This basic standard of relevance is "liberal" and includes evidence that has "'any tendency to make the existence of any fact that is of

5

consequence to the determination of the action more probably or less probably than it would be without the evidence.'" *Schuring v. Cottrell, Inc.*, 244 F.Supp.3d 721, 732 (N.D.Ill. 2017), *quoting Daubert*, 509 U.S. at 587; *see also Stuhlmacher v. Home Depot U.S.A., Inc.*, 774 F.3d 405, 409 (7th Cir. 2014) ("An expert's testimony qualifies as relevant under Rule 702 so long as it assists the jury in determining any fact at issue in the case."). "In other words, '[w]here an expert's hypothetical explanation of the possible or probable causes of an event would aid the jury in its deliberations, that testimony satisfies *Daubert*'s relevancy requirement." *Mohr v. WeatherTech*, No. 17-CV-04451, 2023 WL 11951483, at *6 (N.D.Ill. Mar. 2, 2023), *quoting Stuhlmacher*, 774 F.3d at 409.

  As the parties acknowledge, to prevail on her remaining claims, plaintiff must establish a *prima facie* case of discrimination by showing that (1) she belongs to a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) another similarly situated employee outside of her protected class received better treatment from the employer. *Igasaki v. Ill. Dep't of Fin. and Pro. Regul.*, 988 F.3d 948, 957 (7th Cir. 2021). If a plaintiff is successful in doing so, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the employer can articulate such a reason, the burden then shifts back to the plaintiff to demonstrate that the employer's proffered reason is pretextual. *Igasaki*, 988 F.3d at 957 (citing *Purtue v. Wis. Dep't of Corr.*, 963 F.3d 598, 602 (7th Cir. 2020)).

  Here, plaintiff purports to offer Ziliak's expert opinion as evidence that Simplex's reason for her termination, *i.e.*, her SAT strategy coding error (among other performance concerns), was a pretext for discrimination because, in *Ziliak's* opinion, the coding error was simply not Tao's

6

"fault." Plaintiff's position in this regard misses the mark in light of well-established Seventh Circuit precedent regarding pretext.

As the Seventh Circuit has explained, pretext is "more than a mistake on the part of the employer; pretext means a lie, specifically a phony reason for some action." *Brooks v. Avancez*, 39 F.4th 424, 435 (7th Cir. 2022). "In determining whether the employer's reason can be characterized as pretextual, we do not evaluate whether the employer's proffered justification was accurate or even whether it was unfair." *Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 378 (7th Cir. 2020). Instead, the "sole focus is on whether the employer's stated reason can be characterized as a falsehood rather than an honestly held belief." *Id.* "Because courts are not super-personnel departments who sit in judgment of management decisions, it is of no moment if the employer's reasoning is incorrect, 'foolish, trivial or even baseless.'" *Brooks,* 39 F.4th at 436, *quoting Gordon v. United Airlines, Inc.*, 246 F.3d 878, 879 (7th Cir. 2001); *Brill v. Lante Corp.*, 119 F.3d 1266, 1270 (7th Cir. 1997) (same). Indeed, "the issue of pretext does not address the correctness or desirability of reasons offered for employment decisions." *Brill*, 119 F.3d at 1270 (cleaned up). For this reason, "[a]rguing about the accuracy of the employer's assessment is a distraction . . . because the question is not whether the employer's reasons for a decision are *right* but whether the employer's description of its reasons is *honest*." *Jones v. Union Pac. R.R. Co.*, 302 F.3d 735, 744 (7th Cir. 2002) (cleaned up).

In sum: it does not matter whether the SAT coding error was – in fact – Tao's fault since "the only question" is whether Simplex "honestly believed it had a non-discriminatory reason for termination." *Brooks*, 39 F.4th at 436. Because Ziliak's opinion is offered solely to show that Simplex made a mistake when it found that Tao was at fault for the SAT coding error, his opinion is irrelevant to establishing pretext under Title VII and is thus excluded. *See Brill*, 119 F.3d at

7

1271-72 (dismissing expert affidavit that purported to contradict the employer's assessment of plaintiff's technical skills and noting that if judges cannot "sit in judgment as super-personnel departments overseeing [an employer's] corporate decisions . . . certainly outside 'experts' cannot" either); *see also Goswami v. DePaul Univ.*, 8 F. Supp. 3d 1019, 1036 (N.D.Ill. 2014) ("where the expert testimony sought to be introduced deals with the quality of the plaintiff's abilities and qualifications for tenure, the testimony is found to be irrelevant.").[3]

## CONCLUSION

For the foregoing reasons, defendant's motion to exclude the expert opinion of Zachary Ziliak, (Dckt. #84), is granted.

**DATE:** March 17, 2025

_____
**Jeffrey I. Cummings**
**United States District Court Judge**

---

[3] Plaintiff does not cite any Title VII cases which hold to the contrary. Instead, she relies on inapposite non-Title VII cases that involve the admission of expert testimony to address claims with different elements of proof. *See Lebow v. American Trans Air, Inc.*, 86 F.3d 661, 663, 666 (7th Cir. 1996) (claim under the Railway Labor Act); *Wilbern v. Culver franchising Sys., Inc.*, 13 C 3269, 2015 WL 5722825, at *10 (N.D.Ill. Sept. 29, 2015) (franchisee's claim of discrimination under Section 1981); *Ross v. Bd. Of Regents of Univ. of Wisconsin Sys.*, 655 F.Supp.2d 895, 916-18 (E.D.Wis. 2009) (addressing expert testimony in the context of plaintiff's §1983 First Amendment retaliation claim).